**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH GILBERT, | No. 11-15576 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02050-AWI-DLB |
| v. | |
| JAMES A. YATES, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted July 17, 2012[**]

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Joseph Gilbert appeals from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging defendants were

deliberately indifferent to his serious medical needs.  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. §§ 1915A or 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Gilbert's action because Gilbert failed to allege facts in his first amended complaint suggesting that defendants acted with deliberate indifference. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (difference of medical opinion is insufficient to establish deliberate indifference); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (supervisory liability exists even without overt personal participation only when the supervisory official "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Gilbert's first amended complaint without leave to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that after the district court has already

granted plaintiff leave to amend, its discretion in allowing further amendment is particularly broad).

Gilbert's request for judicial notice, filed on June 23, 2011, is granted.

**AFFIRMED.**

11-15576